IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:16-CR-131-O |
| JACK GOSSETT (02) | |

AGREED CHARGE[1]

Pursuant to the Court's Scheduling Order, the United States of America hereby files the agreed charge.   All instructions are drawn from the 2015 Fifth Circuit Pattern Jury Instructions, unless otherwise noted.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

*s/ Shawn Smith*

SHAWN SMITH
Assistant United States Attorney
State Bar No. 24033206
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-.252-5200
Facsimile: 817-252-5455
Email: shawn.smith2@usdoj.gov

---

1 Counsel for the defendant has objections as identified on pages 17 and 29.

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on July 14, 2016, I electronically filed the foregoing document with the clerk for the United States District Court for the Northern District of Texas pursuant to its electronic filing system (ECF).   The ECF sent a "Notice of Electronic Filing" to the attorneys of record who have consented to accepting service via this method.

*s/ Shawn Smith*
SHAWN SMITH
Assistant United States Attorney

TABLE OF CONTENTS

General and Preliminary Instructions
Proposed Instruction No. 1          Preliminary Instructions
Proposed Instruction No. 2          Introduction to Final Instructions
Proposed Instruction No. 3          Duty to Follow Instructions
Proposed Instruction No. 4          Presumption of Innocence, Burden of
                                    Proof, Reasonable Doubt
Proposed Instruction No. 5          Evidence—Excluding What Is Not
                                    Evidence
Proposed Instruction No. 6          Evidence—Inferences—Direct and
                                    Circumstantial
Proposed Instruction No. 7          Credibility of Witnesses
Proposed Instruction No. 8          Impeachment by Prior Conviction—
                                    Defendant's Testimony
Proposed Instruction No. 9          Impeachment by Prior Conviction—
                                    Witness other than Defendant
Proposed Instruction No. 10         Accomplice—Co-Defendant—Plea
                                    Agreement
Proposed Instruction No. 11         Witness's Use of Addictive Drugs
Proposed Instruction No. 12         Expert Witness
Proposed Instruction No. 13         On or about
Proposed Instruction No. 14         Caution--Consider Only Crime Charged
Proposed Instruction No. 15         Caution--Punishment
Proposed Instruction No. 16         Multiple Defendants—Single Count
Proposed Instruction No. 17         Confession-Statements-Voluntariness
                                    (Multiple Defendants)
Proposed Instruction No. 18         Similar Acts
Proposed Instruction No. 19         Possession
Proposed Instruction No. 20         "Knowingly" - to Act
Proposed Instruction No. 21         Cautionary Instruction During Trial—
                                    Transcript of Tape Recorded
                                    Conversation


Specific Instructions
Proposed Instruction No. 22         Controlled Substances—Conspiracy (21
                                    U.S.C. § 846)


Proposed Instruction No. 23         Controlled Substances—Possession With
                                    Intent to Distribute (21 U.S.C. §
                                    841(a)(1))

Proposed Instruction No. 24                    Duty to Deliberate, Verdict Form

PROPOSED JURY INSTRUCTION NO. 1

## 1.01 PRELIMINARY INSTRUCTION

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.   It will be your duty to find from the evidence what the facts are.   You and you alone will be the judges of the facts.   You will then have to apply to those facts the law as the court will give it to you.   You must follow that law whether you agree with it or not.   Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.   Certain things are not evidence and must not be considered by you.     I will list them for you now.

1.   Statements, arguments, and questions by lawyers are not evidence.

2.   Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other.

**Agreed Charge - Page 1 of 38**

If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.   Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.   Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.   You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.   Direct evidence is direct proof of a fact, such as testimony of an eyewitness.   Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.   I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.   I will give you some guidelines for determining the credibility of witnesses at the end of the case.

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

*First:*   the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second:*   the burden of proof is on the government until the very end of the case.

**Agreed Charge - Page 2 of 38**

The defendant has no burden to prove her innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third:*   the government must prove the defendant's guilt beyond a reasonable doubt.   I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.   In this case the defendant is charged with conspiring to possess with the intent to distribute a controlled substance.   I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.   But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case.     The government must prove : (1) that two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute and distribute a controlled substance; (2) that the defendant knew of the unlawful purpose of the agreement; (3) that the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and (4) that the overall scope of the conspiracy involved more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case.   Please do not talk with them about any subject at all.   You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any

conversation with anyone in or about the courtroom or courthouse.   It is best that you remain in the jury room during breaks in the trial and do not linger in the hall.   In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work.   Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.   Otherwise, without realizing it, you may start forming opinions before the trial is over.   It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

Let me add that during the course of the trial, you will receive all the evidence you properly may consider to decide the case.   Please do not try to find out information from any source outside the confines of this courtroom.   Do not seek or receive any outside information on your own which you think might be helpful.   Do not engage in any outside reading about this case or the law involved.   Do not attempt to visit any places mentioned in the case, whether in person or via maps or online resources such as Google Earth.   You must not read about it in any publications or watch or listen to television or radio reports of what is happening here.   Do not use the Internet or any other form of electronic communication to obtain or provide information to another, whether on a phone, computer, or other device.   This includes, but is not limited to, the use of websites and search engines, such as Google or Yahoo, or other online resource or publication for the use of sending or receiving information on the case.

**Agreed Charge - Page 4 of 38**

Do not attempt to learn about the parties, the witnesses, the lawyers, or the judge.   Do not send or receive emails or text messages relating to the case or your involvement.   Do not read or post information on Facebook, or any other blog or social networking site, such as Twitter or MySpace.   The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

[Optional: Insert Instruction No. 1.02, Note-Taking By Jurors, here.]

The trial will now begin.   First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted.   Next, the defendant's attorney may, but does not have to, make an opening statement.   Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them.   Following the government's case, the defendant may, if she wishes, present witnesses whom the government may cross-examine.   If the defendant decides to present evidence, the government may introduce rebuttal evidence. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

PROPOSED JURY INSTRUCTION NO. 2

## 1.03 INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges; the other is the jury.   It is my duty to preside over the trial and to decide what evidence is proper for your consideration.   It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.   Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

PROPOSED JURY INSTRUCTION NO. 3

## 1.04 DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.   But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.   That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

PROPOSED JURY INSTRUCTION NO. 4

## 1.05 PRESUMPTION OF INNOCENCE,
## BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent.   The law does not require a defendant to prove her innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.   The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.   It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.   Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

PROPOSED JURY INSTRUCTION NO. 5

### 1.06 EVIDENCE--EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.   In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.   Remember that any statements, objections, or arguments made by the lawyers are not evidence.   The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.   What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.   You must disregard those questions and exhibits entirely.   Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence.   Do not consider any testimony or other evidence which has been stricken in reaching your decision.   Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.   Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

**Agreed Charge - Page 9 of 38**

PROPOSED JURY INSTRUCTION NO. 6

**1.07 EVIDENCE -- INFERENCES -- DIRECT AND CIRCUMSTANTIAL**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."   You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.   "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence.   But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find her guilty.

PROPOSED JURY INSTRUCTION NO. 7

## 1.08 CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.   In doing so, you must consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.   An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case.   You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.   In making that decision I suggest that you ask yourself a few questions:   Did the person impress you as honest?   Did the witness have any particular reason not to tell the truth?   Did the witness have a personal interest in the outcome of the case?   Did the witness have any relationship with either the government or the defense?   Did the witness seem to have a good memory?   Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?   Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

**Agreed Charge - Page 11 of 38**

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.   In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.   Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.   [You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

PROPOSED JURY INSTRUCTION NO. 8

## 1.11 IMPEACHMENT BY PRIOR CONVICTION
## (DEFENDANT'S TESTIMONY)

You have been told that the defendant, _____, was found guilty in _____ of ____

_____ (e.g., bank robbery).   This conviction has been brought to your attention only because

you may wish to consider it when you decide, as with any witness, how much of the

defendant's testimony you will believe in this trial.   The fact that the defendant was

previously found guilty of that crime does not mean that the defendant committed the crime

for which the defendant is on trial, and you must not use this prior conviction as proof of

the crime charged in this case.

PROPOSED JURY INSTRUCTION NO. 9

## 1.12 IMPEACHMENT BY PRIOR CONVICTION
### (WITNESS OTHER THAN DEFENDANT)

You have been told that the witnesses:

Mandy Turner has been convicted of robbery, fraud use/possess identifying information, possession of a controlled substance, and conspiracy to possess a controlled substance with the intent to distribute it, all of which are felony offenses.

Veronica Prendez has been convicted of unauthorized use of a vehicle, burglary of a building, conspiracy to possess a controlled substance with the intent to distribute it, all of which are felony offenses.

Amber Shaw has been convicted of conspiracy to possess a controlled substance with the intent to distribute it, a felony offense.

Chris Nicholson has been convicted of manufacture/delivery of a controlled substance, possession of a controlled substance, and conspiracy to possess a controlled substance with the intent to distribute it, all of which are felony offenses.

A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility.   It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony.   It is not evidence of anything else.

PROPOSED JURY INSTRUCTION NO. 10

## 1.15   ACCOMPLICE--CO-DEFENDANT--PLEA AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant in the indictment, with whom the government has entered into a plea agreement providing for the dismissal of some charges and a lesser sentence than the co-defendant would otherwise be exposed to for the offense to which the co-defendant plead guilty.   Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.   On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.   You should keep in mind that such testimony is always to be received with caution and weighed with great care.   You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.   The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

PROPOSED JURY INSTRUCTION NO. 11

## 1.16 WITNESS'S USE OF ADDICTIVE DRUGS

The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

PROPOSED JURY INSTRUCTION NO. 12

## 1.17   EXPERT WITNESS

During the trial you heard the testimony of DEA Agent Brian Finney, who expressed opinions concerning techniques and processes unique to drug trafficking, including but not limited to the use of coded language.   If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.   You should judge such testimony like any other testimony.   You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

**Counsel for the defendant objects to Agent Finney, or any other agent/officer, being designated as an expert in this case.**

PROPOSED JURY INSTRUCTION NO. 13

## 1.18 ON OR ABOUT[2]

You will note that in count one the indictment charges that the conspiracy that is the subject of the indictment occurred "beginning in or before January 2014, and continuing until in or around December 2015."   The government does not have to prove that the conspiracy was committed between these exact dates, so long as the government proves beyond a reasonable doubt that the defendant participated in the conspiracy during a timeframe reasonably near to that alleged in the indictment.

---

2  Modified to reflect that the indictment alleges a time range and not a single specific date.
**Agreed Charge - Page 18 of 38**

PROPOSED JURY INSTRUCTION NO. 14

## 1.19 CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.   The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.   Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

PROPOSED JURY INSTRUCTION NO. 15

## 1.20   CAUTION--PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be.    You should not be concerned with punishment in any way.    It should not enter your consideration or discussion.

PROPOSED JURY INSTRUCTION NO. 16

**1.22**
**MULTIPLE DEFENDANTS--SINGLE COUNT**

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually.     The fact that you may find one o f the defendants guilty or not guilty should not control your verdict as to any other defendant.

PROPOSED JURY INSTRUCTION NO. 17

**1.27**
**CONFESSION-STATEMENT-VOLUNTARINESS**
**(MULTIPLE DEFENDANTS)**

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

PROPOSED JURY INSTRUCTION NO. 18

## 1.30 SIMILAR ACTS

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

**If** you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment.

These are the limited purposes for which any evidence of other similar acts may be considered.

PROPOSED JURY INSTRUCTION NO. 19

## 1.31 POSSESSION

Possession, as that term is used in this case, may be of two kinds: actual possession and constructive possession.   A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint.   If one person alone has actual or constructive possession of a thing, possession is sole.   If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

PROPOSED JURY INSTRUCTION NO. 20

## 1.37 "KNOWINGLY" - TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

PROPOSED JURY INSTRUCTION NO. 21

## 1.42    CAUTIONARY INSTRUCTION DURING TRIAL--TRANSCRIPT OF TAPE RECORDED CONVERSATION

The transcript attached to Government's Exhibit ___ has been identified as a typewritten transcript, and partial translation from Spanish into English, of the oral conversation that can be heard on the tape recording received in evidence as Exhibit ___. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, [particularly those portions spoken in Spanish] and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

[In this case there are two transcripts because there is a difference of opinion as to what is said on the tape. You may disregard any portion of either or both transcripts if you believe they reflect something different from what you hear on the tape. It is what you hear on the tape that is evidence, not the transcripts.]

**Agreed Charge - Page 26 of 38**

PROPOSED JURY INSTRUCTION NO. 22

## 2.89 CONTROLLED SUBSTANCES--CONSPIRACY

## (21 U.S.C. §846)

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States.    In this case, the defendant is charged with conspiring to possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).    Section 841(a)(1) makes it a crime for anyone to knowingly or intentionally distribute or possess with intent to distribute a controlled substance.    You are instructed that methamphetamine is a Schedule II controlled substance.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.    It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First:* | That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute a controlled substance; |
| *Second:* | That the defendant knew of the unlawful purpose of the agreement; |
| *Third:* | That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and |
| *Fourth:* | That the overall scope of the conspiracy involved more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine; and |

*Fifth:*      That the defendant under consideration knew or reasonably should have known that the scope of the conspiracy involved more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.   If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.   Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.   Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.   Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

The government must prove beyond a reasonable doubt that the defendant conspired to possess with intent to distribute a controlled substance, but need not prove that the defendant knew which particular controlled substance was involved.

Methamphetamine is a controlled substance within the meaning of this law.

**Counsel for the defendant objects to the language of "or reasonably should have known" in the fifth element discussed above.**

PROPOSED JURY INSTRUCTION NO. 23

## 2.87 CONTROLLED SUBSTANCES -- POSSESSION
## WITH INTENT TO DISTRIBUTE[3]
## (21 U.S.C. § 841(a)(1))

The indictment alleges that the defendant conspired to violate Title 21, United States Code, Section 841(a)(1), which makes it a crime for anyone to knowingly or intentionally possess a controlled substance with the intent to distribute it.   As I have already explained, the government need not prove that the defendant himself/herself possessed a controlled substance with the intent to distribute it; the government need only prove that the defendant conspired with another person to do so.   Nevertheless, so that you can understand the object of the conspiracy that the government has alleged, I will explain the elements of the crime of possession with intent to distribute a controlled substance.

A violation of Title 21, United States Code, Section 841(a)(1) occurs when:

*First*:          The defendant or a coconspirator knowingly possesses a controlled substance;

*Second*:     The substance is in fact methamphetamine;

*Third*:        The defendant or coconspirator possessed the methamphetamine with the intent to distribute it.

---

3 Modified to reflect that this is an explanation of the substantive offense but only a conspiracy offense is actually charged.

**Agreed Charge - Page 30 of 33**

To "possess with intent to distribute" simply means to possess with intent to

deliver or transfer possession of a controlled substance to another person, with or without

any financial interest in the transaction.

PROPOSED JURY INSTRUCTION NO. 24

## 1.24 DUTY TO DELIBERATE--VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous on the count in the indictment.   Your deliberations will be secret.   You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts.   Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

**Agreed Charge - Page 32 of 33**

The foreperson will write the unanimous answer of the jury in the space provided for in each count of the indictment, either guilty or not guilty.    At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal.    I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:16-CR-131-O |
| JACK GOSSETT (02) | |

## VERDICT OF THE JURY

COUNT ONE

      We, the Jury, find the defendant, **Jack Gossett**, _____ as to Count One of the Indictment.


_____
Foreperson

**Verdict Form**